Filed 3/27/24  P. v. Flores CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA LEE FLORES,<br><br>        Defendant and Appellant. | E082038<br><br>(Super. Ct. No. RIF1105254)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Jorge C. Hernandez, Judge.  Affirmed.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Lyne G. McGinnis, and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

# INTRODUCTION

Defendant and appellant Joshua Flores appeals the trial court's post-judgment order summarily denying his petition for resentencing on counts 1 and 2, under Penal Code section 1172.6.[1]  Defendant contends the order should be reversed because section 1172.6 applies to his convictions for attempted voluntary manslaughter (counts 1 & 2), and the trial court and prosecutor failed to adhere to procedures required under section 1172.6.  The People argue defendant forfeited his procedural challenges, there was no prejudice in not adhering to all of the statutory procedure requirements, and section 1172.6 does not provide resentencing relief for defendant's attempted voluntary manslaughter convictions.

Regardless of whether defendant forfeited his objections or whether there were procedural errors, we conclude there was no prejudicial error because defendant's convictions for attempted voluntary manslaughter do not qualify for resentencing relief under section 1172.6.  We therefore affirm the order denying defendant's petition for resentencing relief.

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  Unless otherwise noted, all further statutory references are to the Penal Code.

II.

FACTS AND PROCEDURAL BACKGROUND

Defendant, his brother, and another co-defendant were convicted for crimes committed during an armed home invasion robbery, during which defendant and his brother attempted to steal a large stash of marijuana. The botched robbery ended in a shooting melee, with the Flores brothers, among others, sustaining gunshot wounds and fleeing empty-handed.[2] (*People v. Flores* (Oct. 21, 2014, E057930) [nonpub. opn.].)

Defendant was convicted of attempted voluntary manslaughter (§§ 664, 192; counts 1 & 2), a lesser included offense of attempted premeditated murder; first degree burglary (§ 459; count 7); and felon in possession of a handgun (§ 29800, subd. (a)(1); count 8). The jury also found true the gun enhancements associated with counts 1, 2, and 7 (§ 12022.5, subd. (a)). The trial court sentenced defendant in 2013, to an aggregate prison term of 21 years, 4 months. This court affirmed the judgment in 2014. (*People v. Flores*, E057930.)

In August 2023, defendant filed a petition for resentencing on counts 1 and 2 under section 1172.6. The trial court appointed counsel for defendant, and on August 25, 2023, held a prima facie hearing on the resentencing petition. The People did not file and serve a response to the petition. Instead, the prosecutor provided defense counsel with a

---

[2] A more detailed summary of the facts is unnecessary because this appeal concerns denial of defendant's resentencing petition at the prima facie stage, and the underlying facts are not relevant to this appeal.

copy of the jury instructions, given at defendant's trial, to show that defendant did not qualify for resentencing.

During the brief eligibility hearing on defendant's resentencing petition, the prosecutor informed the court that he recently provided defense counsel with the jury instructions, none of which would render defendant eligible for resentencing relief under section 1172.6. The prosecutor argued that the jury instructions demonstrated that defendant's petition for resentencing should be denied because there was no felony murder or murder under the natural and probable consequences doctrine, or any other theory by which malice could be imputed. In response, defense counsel stated that he had read the jury instructions, and "confirm[ed] what counsel said is accurate," and submitted. The court then denied the petition at the prima facie stage, without providing a statement of its reasons for the ruling. Defendant was not present at the hearing. Defendant appealed the ruling.

III.

DISCUSSION

Defendant contends that an attempted voluntary manslaughter conviction may qualify for resentencing under section 1172.6, even though the offense is not listed in section 1172.6 as one of the crimes eligible for resentencing. We disagree.

We review this question of law de novo. "The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In construing section 1172.6, we must determine the Legislature's intent so as to effectuate

4

the law's purpose.  This requires examining the statute's words, giving them a plain and commonsense meaning.  (*People v. Lewis*, *supra*, at p. 961; *People v. Scott* (2014) 58 Cal.4th 1415, 1421.)  If the words are clear, we need go no further.  (*People v. Scott*, *supra*, at p. 1421.)

Defendant argues the overriding legislative purpose of section 1172.6 permits courts to look beyond the language of the statute and resentence a defendant convicted of a crime having a mental state equivalent to malice, such as the crime of attempted voluntary manslaughter.  We are not persuaded.  When interpreting section 1172.6, giving the statute's words a plain and commonsense meaning, we conclude the words of the statute are clear that section 1172.6 does not apply to attempted voluntary manslaughter, and we need go no further.  (*People v. Scott*, *supra*, 58 Cal.4th at p. 1421; *People v. Connor* (2004) 115 Cal.App.4th 669, 691 ["'we presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language.'"].)

Section 1172.6 clearly states that it applies to convictions for murder, attempted murder, and manslaughter.  (§ 1172.6, subd. (a)(1), (2).)[3]  The statute does not mention

_____

[3]  Section 1172.6, subdivision (a) provides:  "A person convicted of *felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter* may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of *felony murder, murder under the*

*[footnote continued on next page]*

5

attempted manslaughter, nor does it mention any test for including other offenses. We presume the Legislature meant what it said and, had it wanted courts to reach other crimes, it would have said so. Notably, in 2021 it amended the statute to include attempted murder and manslaughter but did not add attempted manslaughter and did not authorize courts to apply the statute to unspecified offenses. (Stats. 2021, ch. 551, § 2; *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

Although section 1172.6 does not expressly exclude attempted voluntary manslaughter, subdivision (a) of section 1172.6 unambiguously limits the applicability of the statute to persons convicted of certain enumerated offenses and defendant does not cite, nor do we find, any authority or legislative history suggesting the Legislature intended for the statute to include any offense not specified in subdivision (a), such as attempted voluntary manslaughter. (*People v. Colbert* (2019) 6 Cal.5th 596, 603 [where the statute's language is unambiguous, then the plain meaning of the statute governs].)

Defendant alternatively argues that defense counsel's unauthorized acquiescence to dismissal of defendant's resentencing petition does not bind him to the dismissal. Defendant also argues that the prosecutor failed to make a record demonstrating he is ineligible for sentencing relief. The prosecutor did not file a response to the resentencing petition. Rather, he briefly argued during the petition hearing that the jury instructions

---

*natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.*
    "(2) The petitioner was *convicted of murder, attempted murder, or manslaughter* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (Italics added.)

6

from defendant's 2013 trial refuted any possibility that defendant's convictions qualified for resentencing under section 1172.6. Defendant asserts that the record of conviction, which includes the charging documents, minutes from the 2013 sentencing hearing, the 2013 probation report, and the abstract of judgment, do not establish he is ineligible for resentencing under section 1172.6.

We disagree. As discussed above, the record demonstrates there was good reason for defense counsel to acquiesce to dismissal of the petition. Further, there was no prejudice because section 1172.6 does not include attempted voluntary manslaughter as an eligible offense for resentencing. Likewise, we reject defendant's contentions that his defense attorney's failure to file a responsive brief and noncompliance with other procedural requirements requires reversal of the order denying defendant's resentencing petition. Defendant did not suffer any prejudice. Filing a responsive brief would not have made any difference, nor did the absence of any statement by the trial court of its reasons for denying the petition, because defendant's convictions for attempted voluntary manslaughter do not qualify for resentencing relief under section 1172.6.

To qualify under section 1172.6 for resentencing relief, a petition must facially establish that the requirements for eligibility are satisfied. (*People v. Strong* (2022) 13 Cal.5th 698, 708; § 1172.6, subd. (b)(1)(A)-(C).) The petition thus must show that the defendant was convicted of murder, attempted murder, or manslaughter. (§ 1172.6, subd. (a)(2).) Defendant's petition declared he was convicted of two counts of attempted voluntary manslaughter. Those convictions are not referenced in the statute. Based on

7

our review of the record, we conclude defendant has not demonstrated that any outcome on his resentencing petition, other than dismissal, could be obtained in view of defendant's record of conviction. Therefore, the trial court did not prejudicially err in summarily denying defendant's petition.

IV.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.

8